IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCHLOSSER, *et al.*,  )
 )
       Plaintiffs,  )
 )
v.  )   No. 3:12-CV-534
 )   (REEVES/GUYTON)
THE UNIVERSITY OF TENNESSEE,  )
 )
       Defendant.  )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court pursuant to Defendant's Motion to Strike Paragraph 49 of the Second Amended Complaint Relating to Coach Pat Summitt [Doc. 41], filed on June 19, 2014. Plaintiffs filed their Opposition to Defendant's Motion to Strike Paragraph 49 of the Second Amended Complaint, [Doc. 49], on July 3, 2014. The Defendant filed its Reply on July 10, 2014. [Doc. 50].

**I. BACKGROUND**

Plaintiffs filed this action on October 11, 2012. [Doc. 1]. Plaintiffs filed a Motion for Second Amended Complaint on May 30, 2014, and attached the Second Amended Complaint as exhibit thereto. [Doc. 38]. The Second Amended Complaint was filed on June 30, 2014, alleging gender discrimination and retaliatory terminations in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) against Defendant University

of Tennessee-Knoxville. [Doc. 47]. Plaintiffs were employed by Defendant in the University of Tennessee Women's Athletic Department and allege that they were either terminated or demoted during consolidation of the Men's and Women's Athletic Departments because of their gender or association with women's sports.

In Plaintiff's Second Amended Complaint, Paragraph 49 provides as follows:

> As part of the consolidation and RIF, Mr. Hart also forced Coach Pat Summitt into an involuntary early retirement. In so doing, UT and Mr. Hart eliminated one of the most prominent and influential leaders in the history of NCAA women's intercollegiate athletics, who was perhaps the only woman at UT with the standing and influence to challenge or oppose the actions of UT and Mr. Hart.

[Doc 47 at 17].

Defendant, University of Tennessee, filed a motion to strike this paragraph pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f) as immaterial, impertinent, and scandalous.

## II. POSITIONS OF THE PARTIES

The Defendant argues that the Court should strike this paragraph because it is clearly false, highly prejudicial, immaterial, and scandalous. Primarily, Defendant argues that this allegation is false and any evidence to the contrary would be inadmissible. In defense of this claim, Defendant relies on Coach Summitt's statements and sworn declarations by the following: Coach Summitt's son, Tyler Summitt, Chancellor Jimmy G. Cheek, Dave Hart, Vice Chancellor and Director of Athletics, Margie Nichols, Vice Chancellor for Communications, and Katie Wynn, Coach Summitt's Administrative Assistant. [See Doc. 41-1-5]. Defendant asserts that these declarations establish that Coach Summitt was not forced into retirement and that any confusion regarding the basis for that decision was clarified and set forth in writing. In light of the alleged falsity of the claim alleged in Paragraph 49, Defendant argues that the Plaintiffs'

2

"only purpose" for including Paragraph 49 is to "inflame passions against Mr. Hart and the University and to thereby unduly prejudice the University by means of negative press coverage." [Doc. 42 at 20-21].

Defendant further argues that the allegation set forth in Paragraph 49 is irrelevant to the Plaintiffs' claims. Defendant explains that the Plaintiffs' case concerns gender-based wage discrimination and retaliation claims and that Coach Summitt's decision to retire has no bearing on such issues. Defendant argues that this allegation would not only prejudice the University, but also Coach Summitt, who remains employed as Head Coach Emeritus at the University of Tennessee.

Plaintiffs respond that Paragraph 49 is relevant to the Plaintiffs' claims, alleging that Coach Summitt's treatment evidences a pattern of gender discrimination by the Defendant. Plaintiffs argue that Mr. Hart wished to remove Coach Summitt from her position for discriminatory reasons and that she was forced to retire as a result. Plaintiffs contend that the alleged falsity of the claim is not grounds to strike per FRCP 12(f), and that the allegation is not immaterial or impertinent, as Coach Summitt was strategically forced to retire in order to remove her as "roadblock to the demotion or firing of women or men associated with women's sports[.]" [Doc 49 at 11]. Plaintiffs argue that the allegation set forth in Paragraph 49 is not scandalous because it does not cast Coach Summitt in a negative light but instead praises her character. Finally, Plaintiffs argue that the Defendant's motion is baseless because it declined to file a similar motion in the case of Jennings v. University of Tennessee and Hart; 3:12-CV-507. Plaintiffs contend that Jennings alleged gender discrimination and referred to Coach Summitt's retirement as a source of proof of such discrimination. Because Defendant declined to file a

3

motion to strike in that case, Plaintiffs argue that Defendant does not truly believe that Paragraph 49 is immaterial, impertinent, or scandalous.

## III. ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, to strike a portion of a complaint "'should be sparingly used by the courts,' because 'it is a drastic remedy to be resorted to only when . . . the pleading to be stricken has no possible relation to the controversy.' Felts v. Cleveland Hous. Auth., 821 F. Supp. 2d 968, 981 (E.D. Tenn. 2011) (quoting Brown & Williamson Tobacco Corp. v. U.S., 201 F.2d 819, 822 (6th Cir. 1953)).

Although a motion to strike rests upon the "discretion of the trial judge," Pessin v. Keeneland Ass'n, 45 F.R.D. 10, 13 (E.D. Ky. 1968), it is "disfavored and should be granted only when 'the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" E.E.O.C. v. FPM Grp., Ltd., 657 F. Supp. 2d 957, 965-66 (E.D. Tenn. 2009) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at p. 650 (2nd ed. 1990)); Frisby v. Keith D. Weiner & Assocs. Co., LPA, 669 F. Supp. 2d 863, 867 (N.D. Ohio 2009) (explaining that a court should grant motions to strike 'only where the allegations are clearly immaterial to the controversy or prejudice the movant.")

Motions to strike will generally only be granted as scandalous or impertinent "where the language is extreme or offensive." Hughes v. Lavender, 2:10-CV-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011) (citing Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984)).

4

"An allegation may be stricken for being immaterial only when it bears no possible relationship to the controversy." Id. (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); Siggers v. Campbell, 07-12495, 2008 WL 4277262, at *2 (E.D. Mich. Sept. 17, 2008) (explaining that "courts generally grant a motion to strike only where 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'") (quoting LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992)).

In weighing a motion to strike, a court must consider that "'a motion to strike admits the well-pleaded allegations of the pleading asked to be stricken[.]'" Old Republic Ins. Co. v. Am. Guar. & Liab. Ins. Co., CIVA 3:04CV416S, 2005 WL 5272202, at *1 (W.D. Ky. May 19, 2005) (quoting Brown, 201 F.2d at 822). Further, "[t]he falsity of a matter alleged is not specifically included among the grounds for a motion to strike." Hughes, 2011 WL 2945843, at *2 (citing Fleischer v. A.A.P., Inc., 180 F. Supp. 717, 721 (S.D.N.Y. 1959)). However, although caution is advised, a court may grant a motion to strike for falsity if the court finds that the allegations are "obviously false and clearly injurious to a party." Id. (citing Watson & Son Pet Supplies v. Iams Co., 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999)).

In this matter, the Court finds that the allegation set forth in Paragraph 49 of Plaintiff's Second Amended Complaint is immaterial and unfairly prejudicial to the Defendant. The Court notes that this case is similar to the facts in McKinney v. Bayer Corporation, wherein the court granted defendant's motion to strike as immaterial because the plaintiff's complaint included allegations regarding products and past settlements unrelated to the false advertising and deceptive practice claims against the defendants. 10-CV-224, 2010 WL 2756915, at *2 (N.D.

5

Ohio July 12, 2010). The court found that "[t]hese statements are unnecessary to the assertions in the [c]omplaint, neither setting forth an element of a claim made, nor providing the needed factual predicate for one."). Id.

Here, Plaintiffs contend that the Defendant terminated or demoted the Plaintiffs based on their gender or affiliations with women's sports. [See Doc. 47 at 1]. Paragraph 49 states that "Mr. Hart also forced Coach Pat Summitt into an involuntary early retirement," and that Coach Summitt "was perhaps the only woman at UT with the standing and influence to challenge or oppose the actions of UT and Mr. Hart." [Doc. 47 at 17]. Plaintiffs contend that Mr. Hart wanted to remove Coach Summitt because she could "function[] as a roadblock to the demotion or firing of women" and "because she was yet another woman within the University's athletic department who was removed by Mr. Hart." [Doc. 49 at 11].

The allegation in Paragraph 49 is immaterial to Plaintiffs' claims. Primarily, the Court finds it nonsensical that the defendant would desire to remove Coach Summitt as a "roadblock to the demotion or firing of women" when she remains on staff to this day as Head Coach Emeritus. Further, any allegation that Coach Summitt "was yet another woman . . . who was removed by Mr. Hart" does not hold water when Coach Summitt voluntarily retired from her position as Head Coach and continues to serve as an employee of the University. The position of Head Coach of the Women's Basketball Team certainly was not eliminated and Coach Summit was replaced by another female. The Court finds persuasive Coach Summitt's own statement that "[i]t was entirely my decision to step down from my position as Head Coach of women's basketball at the University of Tennessee . . . I did not then and I do not now, feel that I was 'forced out' by the University." [Doc. 41-4 at 3].

Moreover, the Court finds that the allegation in Paragraph 49 is "obviously false and clearly injurious to a party." Hughes, 2011 WL 2945843, at *2. Not only does Coach Summitt's statement clearly contradict the Plaintiffs' claim, but the Court agrees that such an allegation will only serve to prejudice the Defendant by using Coach Summitt's reputation to spur ill will against the Defendant. All of the sworn declarations submitted by the Defendant support this conclusion. [See Doc. 41-1-5].

The Court concurs with Plaintiffs that a civil complaint necessarily casts the defendant in a "bad light of some sort." [Doc. 49 at 14] (quoting Sadler v. Benson Motors Corp., CIV.A. 97-1083, 1997 WL 266735, at *2 (E.D. La. May 15, 1997)). However, the Court finds that the allegation set forth in Paragraph 49 moves from the type of negative assertions that arise in any civil complaint into deeper waters of undue and unfair prejudice. The Court relies on the reasoning in Johnson v. County of Macomb, in which the court granted defendants' motion to strike because the court found that the defendants' "purported 'ties to organized crime' are scandalous and immaterial" to plaintiffs' claims to recover damages for their civil rights and religious freedoms. 08-10108, 2008 WL 2064968, at*2 (E.D. Mich. May 13, 2008).

In this matter, Coach Summitt's voluntary retirement is immaterial to the Plaintiff's gender discrimination and retaliatory termination claims and the allegation in Paragraph 49 serves only to inflame the passions of potential jurors by invoking Coach Summitt's reputation and her alleged mistreatment. The Court must conclude that the allegation in Paragraph 49 constitutes an attempt to create a scandal around Coach Summitt where none exists, and one which is wholly irrelevant to the Plaintiffs' claims.

7

Therefore, the Court finds that Paragraph 49 of the Second Amended Complaint "has no possible bearing," on the Plaintiffs' claims. See Siggers, 2008 WL 4277262, at *2 (quoting LeDuc, 814 F. Supp. at 830)). Coach Summitt was neither terminated nor demoted, she has not filed any suit alleging discrimination, and she stated in a sworn declaration that she voluntarily chose to retire from her position as Head Coach. [See Doc. 41-4 at 3]. The sworn declarations of several witnesses support Coach Summitt's statement. [See Doc. 41-1-5]. The allegation set forth in Paragraph 49 is clearly false and therefore immaterial to the Second Amended Complaint. Coach Summitt's voluntary retirement has no bearing on gender discrimination and retaliatory termination. The Court finds Paragraph 49 to be unworthy of consideration and "prejudicial to the moving party.'" FPM Grp., Ltd., 657 F. Supp. 2d at 965-66 (quoting Charles A. Wright & Arthur R. Miller, *supra* at 650)). While a motion to strike is generally disfavored in case law and by the undersigned, the motion to strike in the present case is well-taken.

Finally, the Plaintiff's reference to the case of Jennings v. University of Tennessee and Hart is misplaced. Whether or not the University of Tennessee filed a particular motion in that case is of no moment to the Court's consideration of the present motion.

8

Case 3:12-cv-00534-PLR-HBG   Document 56   Filed 10/20/14   Page 8 of 9   PageID #: 690

## III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** that Defendant's Motion to Strike Paragraph 49 of the Second Amended Complaint Relating to Coach Pat Summitt, [**Doc. 41**], be **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge